UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: _____

| | |
|---|---|
| **MILKA CASTELLON**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **DORAL SECURITY PATROL LLC** f/k/a | ) |
| DORAL SECURITY PATROL INC d/b/a | ) |
| Blue Knights; **BLUE KNIGHTS** | ) |
| **PROTECTIVE SERVICES, LLC** f/k/a | ) |
| BLUE KNIGHTS PROTECTIVE SERVICE | ) |
| INC. d/b/a Blue Knights; | ) |
| **A.R.C.K. HOLDING INVESTMENTS** | ) |
| **GROUP, INC.** d/b/a Blue Knights; | ) |
| **ROLAND FONGON**; and **STEVEN** | ) |
| **BALZER**. | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT
## (OPT-IN PURSUANT TO THE FAIR LABOR STANDARDS ACT)

Plaintiff MILKA CASTELLON (the "Plaintiff") sues Defendants DORAL SECURITY

PATROL LLC f/k/a DORAL SECURITY PATROL INC d/b/a Blue Knights ("Doral"); BLUE

KNIGHTS PROTECTIVE SERVICES, LLC f/k/a BLUE KNIGHTS PROTECTIVE SERVICE

INC. d/b/a Blue Knights ("Blue"); A.R.C.K. HOLDING INVESTMENTS GROUP, INC. d/b/a

Blue Knights ("ARCK"); ROLAND FONGON ("Fongon"); and STEVEN BALZER ("Balzer")

(collectively the "Defendants") and alleges:

## I.      JURISDICTION

1.      This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

## II.      VENUE

2.      The Defendants Doral, Blue and ARCK (the "Corporate Defendants") are companies duly authorized and existing under the laws of the State of Florida and conducting business in Miami-Dade County, Florida.

3.      The Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. The Plaintiff is a covered employee for purposes of the Act.

4.      Forgon and Balzer (the "Individual Defendants") and the Corporate Defendants are Florida residents, having their main place of business in Miami-Dade County, Florida. Plaintiff worked for Defendants in Miami-Dade County, Florida.

5.      Defendants, at all times material hereto, were and are engaged in interstate commerce.

6.      The acts or omissions giving rise to this Complaint occurred in whole or in part in Miami-Dade, Florida.

## III.      JOINT EMPLOYMENT

7.      The Corporate Defendants share common ownership, common management, centralized control of labor relations, and common offices and interrelated operations. The Corporate Defendants are an integrated enterprise under the law. Alternatively, each company is an enterprise under the law and each company is an agent of each other.

8.      The Corporate Defendants share employees or interchange employees; work in the direct interest of one another; and their employees are in the common control of both companies. The Corporate Defendants are joint employers. Alternatively, each company is an enterprise under the law and each company is an agent of each other.

9.      Each Corporate Defendant is sued individually, as a joint enterprise, as joint employers, and as agent of each other.

### IV.      GENERAL ALLEGATIONS COMMON TO ALL COUNTS

10.      Plaintiff began working as a security guard for the Defendants on or about January of 2019. She worked for the Defendants until on or about July 16, 2022.

11.      Defendants paid Plaintiff $11 per hour.

12.      Plaintiff worked for the Defendants, on average 60-70 hours per week. She worked through her lunch and generally took no breaks.

13.      Defendants did not pay Plaintiff any overtime when she worked in excess of 40 hours per week.

### COUNT I: UNPAID OVERTIME (CORPORATE DEFENDANTS) – FLSA

14.      The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-13 above as if set out in full herein.

15.      The Plaintiff is a covered employee for purposes of the Act.

16.      This action is brought by the Plaintiff and those similarly situated to recover from the Corporate Defendants unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. Section 207(a)(1) of the Act

states: "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

17.     Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendants are and, at all times pertinent to this Complaint, were engaged in interstate commerce.

18.     At all times pertinent to this Complaint, the Corporate Defendants operated as organizations which sold and/or marketed their services and/or goods to customers from throughout the United States and also provided their services for goods sold and transported from across state lines of other states, and the Corporate Defendants obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, and otherwise regularly engaged in interstate commerce, particularly with respect to their employees.

19.     The combined annual gross revenue of the Corporate Defendants was, at all times material hereto, in excess of $500,000 per annum.

20.     Upon information and belief, the annual gross revenue of Doral was, at all times material hereto, in excess of $500,000 per annum.

21.     Upon information and belief, the annual gross revenue of Blue was, at all times material hereto, in excess of $500,000 per annum.

22.     Upon information and belief, the annual gross revenue of ARCK was, at all times material hereto, in excess of $500,000 per annum.

23.    Alternatively, the Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

24.    By reason of the foregoing, the Corporate Defendants are and were, during all times hereafter mentioned, enterprises engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act and/or the Plaintiff and those similarly situated were and/or are engaged in interstate commerce for the Corporate Defendants. The Corporate Defendants' business activities involve those to which the Act applies. The Corporate Defendants are companies engaged in providing security-related services and, through their business activity, affect interstate commerce. The Plaintiff's work for the Corporate Defendants likewise affects interstate commerce. Plaintiff was employed by the Corporate Defendants as a security guard for the Corporate Defendants' business.

25.    While employed by the Corporate Defendant, the Plaintiff worked approximately an average of 60-70 hours per week without being compensated at the rate of not less than one- and one-half times the regular rate at which he was employed.

26.    The Plaintiff was employed as a security guard performing the same or similar duties as that of those other similarly situated security guards whom the Plaintiff observed working in excess of 40 hours per week without overtime compensation.

27.    The Plaintiff worked for the Corporate Defendants from approximately January of 2019 to July 16, 2022. In total, the Plaintiff worked approximately 140 compensable weeks under the Act, or 140 compensable weeks if counted 3 years back from the filing of the instant action.

28.    The Corporate Defendants paid the Plaintiff on average approximately $11 per hour.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800              Telephone: 305.503.5131
Aventura, Florida 33180                              Facsimile: 888.270.5549

29.     However, the Corporate Defendants did not properly compensate the Plaintiff for hours that the Plaintiff worked in excess of 40 per week.

30.     The Plaintiff seeks to recover unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years back from the date of the filing of this Complaint.

31.     Prior to the completion of discovery and to the best of the Plaintiff's knowledge, at the time of the filing of this Complaint, the Plaintiff's good faith estimate of her unpaid overtime wages is as follows:

    a.   Actual Damages: $19,250.

        i.   Calculation: $11 (hourly pay) x .5 (overtime rate) x 25 (approximate number of overtime hours) x 140 (compensable weeks) = $19,250.

    b.   Liquidated Damages: $19,250.

    c.   Total Damages: $38,500 plus reasonable attorneys' fees and costs of suit.

32.     At all times material hereto, the Corporate Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that the Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act, but no provision was made by the Corporate Defendants to properly pay them at the rate of time-and-one-half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become plaintiffs in this action are weekly-paid employees and/or former employees of the Corporate Defendants who are and who were subject to the unlawful payroll practices and procedures of the Corporate Defendant and were not paid time-and-one-half of their regular rate of pay for all overtime hours worked in excess of forty.

33.     The Corporate Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remains owing the Plaintiff and those similarly situated these overtime wages since the commencement of the Plaintiff's and those similarly situated employees' employment with the Corporate Defendants as set forth above, and the Plaintiff and those similarly situated are entitled to recover double damages.

34.     Upon information and belief, Corporate Defendants never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

35.     The Corporate Defendants willfully and intentionally refused to pay the Plaintiff overtime wages as required by the laws of the United States as set forth above and remains owing the Plaintiff these overtime wages since the commencement of the Plaintiff's employment with the Corporate Defendants as set forth above.

36.     The Plaintiff has retained the law offices of the undersigned attorney to represent him/her in this action and is obligated to pay a reasonable attorneys' fee.

**WHEREFORE**, the Plaintiff and those similarly situated request that this Honorable Court:

a.  Enter judgment for the Plaintiff and others similarly situated and against the Corporate Defendants on the basis of the Corporate Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

b.  Award the Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

c.  Award the Plaintiff an equal amount in double damages/liquidated damages; and

d.  Award the Plaintiff reasonable attorneys' fees and costs of suit; and

e.  Grant such other and further relief as this Court deems equitable and just.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                          Facsimile: 888.270.5549

## COUNT II: UNPAID OVERTIME (INDIVIDUAL DEFENDANT) – FLSA

37.    The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-13 above as if set out in full herein.

38.    The Plaintiff is a covered employee for purposes of the Act.

39.    This count is against the Individual Defendants only.

40.    This action is brought by the Plaintiff and those similarly situated to recover from the Individual Defendants unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. Section 207(a)(1) of the Act states: "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

41.    Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendants are and, at all times pertinent to this Complaint, were engaged in interstate commerce.

42.    At all times pertinent to this Complaint, the Corporate Defendants operated as organizations which sold and/or marketed their services and/or goods to customers from throughout the United States and also provided their services for goods sold and transported from across state lines of other states, and the Corporate Defendants obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, and otherwise regularly engaged in interstate commerce, particularly with respect to their employees.

43.     The combined annual gross revenue of the Corporate Defendants was, at all times material hereto, in excess of $500,000 per annum.

44.     Upon information and belief, the annual gross revenue of Doral was, at all times material hereto, in excess of $500,000 per annum.

45.     Upon information and belief, the annual gross revenue of Blue was, at all times material hereto, in excess of $500,000 per annum.

46.     Upon information and belief, the annual gross revenue of ARCK was, at all times material hereto, in excess of $500,000 per annum.

47.     Alternatively, the Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

48.     By reason of the foregoing, the Corporate Defendants are and were, during all times hereafter mentioned, enterprises engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act and/or the Plaintiff and those similarly situated were and/or are engaged in interstate commerce for the Corporate Defendants. The Corporate Defendants' business activities involve those to which the Act applies. The Corporate Defendants are companies engaged in providing security-related services and, through their business activity, affect interstate commerce. The Plaintiff's work for the Corporate Defendants likewise affects interstate commerce. Plaintiff was employed by the Corporate Defendants as a security guard for the Corporate Defendants' business.

49.     While employed by the Defendants, the Plaintiff worked approximately an average of 60-70 hours per week without being compensated at the rate of not less than one- and one-half times the regular rate at which she was employed.

**SAENZ & ANDERSON, PLLC**

50.     The Plaintiff was employed as a security guard performing the same or similar duties as that of those other similarly situated security guards whom the Plaintiff observed working in excess of 40 hours per week without overtime compensation.

51.     The Plaintiff worked for the Defendants from approximately January of 2019 to July 16, 2022. In total, the Plaintiff worked approximately 140 compensable weeks under the Act, or 140 compensable weeks if counted 3 years back from the filing of the instant action.

52.     Defendants paid the Plaintiff on average approximately $11 per hour.

53.     However, Defendants did not properly compensate the Plaintiff for hours that the Plaintiff worked in excess of 40 per week.

54.     The Plaintiff seeks to recover unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years back from the date of the filing of this Complaint.

55.     Prior to the completion of discovery and to the best of the Plaintiff's knowledge, at the time of the filing of this Complaint, the Plaintiff's good faith estimate of her unpaid overtime wages is as follows:

a.     Actual Damages: $19,250.

   i.   Calculation: $11 (hourly pay) x .5 (overtime rate) x 25 (approximate number of overtime hours) x 140 (compensable weeks) = $19,250.

b.     Liquidated Damages: $19,250.

c.     Total Damages: $38,500 plus reasonable attorneys' fees and costs of suit.

56.     At all times material hereto, Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that the Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act, but

no provision was made by Defendants to properly pay them at the rate of time-and-one-half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become plaintiffs in this action are weekly-paid employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid time-and-one-half of their regular rate of pay for all overtime hours worked in excess of forty.

57.     Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remains owing the Plaintiff and those similarly situated these overtime wages since the commencement of the Plaintiff's and those similarly situated employees' employment with Defendants as set forth above, and the Plaintiff and those similarly situated are entitled to recover double damages.

58.     Upon information and belief, Defendants never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

59.     Defendants willfully and intentionally refused to pay the Plaintiff overtime wages as required by the laws of the United States as set forth above and remains owing the Plaintiff these overtime wages since the commencement of the Plaintiff's employment with Defendants as set forth above.

60.     The Plaintiff seeks to recover from the Individual Defendants unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years back from the date of the filing of this Complaint.

61.     The Individual Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remains owing the Plaintiff and those similarly situated these overtime wages since the commencement of the Plaintiff's and those similarly situated employees' employment with Defendants as set forth above, and the Plaintiff and those similarly situated are entitled to recover double damages.

62.     At the times mentioned, the Individual Defendant Fongon was, and is now, an owner, officer and/or director of the Corporate Defendants. The Individual Defendant Fongon was an employer of the Plaintiff and others similarly situated within the meaning of Section 3(d) of the Act in that Fongon acted directly or indirectly in the interests of the Corporate Defendants in relation to the employees of the Corporate Defendants, including the Plaintiff and others similarly situated.

63.     Fongon had operational control of the Corporate Defendants, was involved in the day-to-day functions of the Corporate Defendants, provided the Plaintiff with her work schedule, personally supervised Plaintiff's work, and is jointly liable for the Plaintiff's damages.

64.     Fongon is and was at all times relevant a person in control of the Corporate Defendants' financial affairs and could cause the Corporate Defendants to compensate (or not to compensate) their employees in accordance with the Act. Fongon decided how much each of the employees of the Corporate Defendants was paid and when.

65.     Fongon willfully and intentionally caused the Plaintiff not to receive overtime compensation as required by the laws of the United States as set forth above and remains owing the Plaintiff these overtime wages since the commencement of the Plaintiff's employment with the Corporate Defendants as set forth above.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800                    Telephone: 305.503.5131
Aventura, Florida 33180                                  Facsimile: 888.270.5549

66.     At the times mentioned, the Individual Defendant Balzer was, and is now, an officer, manager, supervisor and/or director of the Corporate Defendants. The Individual Defendant Balzer was an employer of the Plaintiff and others similarly situated within the meaning of Section 3(d) of the Act in that Balzer acted directly or indirectly in the interests of the Corporate Defendants in relation to the employees of the Corporate Defendants, including the Plaintiff and others similarly situated.

67.     Balzer had operational control of the Corporate Defendants, was involved in the day-to-day functions of the Corporate Defendants, provided the Plaintiff with her work schedule, personally supervised Plaintiff's work and the work of Plaintiff's similarly situated co-workers, and is jointly liable for the Plaintiff's damages.

68.     Balzer decided how many hours Plaintiff had to work and when she was going to get paid.

69.     Balzer willfully and intentionally caused the Plaintiff not to receive overtime compensation as required by the laws of the United States as set forth above and remains owing the Plaintiff these overtime wages since the commencement of the Plaintiff's employment with the Corporate Defendants as set forth above.

70.     The Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

**WHEREFORE**, the Plaintiff and those similarly situated request that this Honorable Court:

a.   Enter judgment for the Plaintiff and others similarly situated and against the Individual Defendants on the basis of the Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                         Facsimile: 888.270.5549

b. Award the Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

c. Award the Plaintiff an equal amount in double damages/liquidated damages; and

d. Award the Plaintiff reasonable attorneys' fees and costs of suit; and

e. Grant such other and further relief as this Court deems equitable and just.

Dated: November 15, 2022.

Respectfully submitted,

By:   /s/Julisse Jimenez
Julisse Jimenez, Esquire
Fla. Bar No.: 65387
Email: julisse@saenzanderson.com
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*